UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THUAN DU and
DONNYFL, LLC.

    Plaintiffs,

v.                                             Case No.: 6:25-cv-00506-GAP-LHP

PAM BONDI, ATTORNEY GENERAL
of the UNITED STATES; KASH PATEL,
Acting Director, BUREAU of
ALCOHOL, TOBACCO, FIREARMS
and EXPLOSIVES,

    Defendants.
_____/

## **FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Federal Defendants, by and through the undersigned Assistant United States Attorney, hereby submits the following answer and affirmative defenses to Plaintiffs' complaint, and state as follows:

1. The allegations in this paragraph consist of legal conclusion to which no response is required, to the extent a response is required, deny.

2. The allegations in this paragraph consist of legal conclusions to which no response is required, to the extent a response is required, admit.

3. Admit that DonnyFL, LLC is a Florida corporation that advertises for sale airguns and sound moderators for airguns. The allegations in the second sentence consist of legal conclusions to which no response is required, to the extent a response is required, deny.

4. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. Admit.

6. Admit.

7. Admit the first sentence. The allegations in the second sentence consist of legal conclusions to which no response is required, to the extent a response is required, deny. Admit the third sentence.

8. Admit that Daniel Driscoll is the Acting Director of ATF and in his official capacity as the Director he oversees ATF and its enforcement and regulatory activities.

9. Admit that DonnyFL sells the "Ronin" model "airgun moderators." Deny the remainder of this paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10. Deny.

11. Admit that airguns operate through mechanical functions and air pressure. Deny the remaining allegations of this paragraph.

12. Deny the first sentence. Admit that the Ronin uses felt and rubber o-rings, deny the remaining allegations of this paragraph.

13. Deny.

14. Admit the first sentence, deny the second sentence. As to footnote 1: admit that ATF referred to this comparison as misleading, diameter is not determinative of chamber pressure, a .223 rifle cartridge designed for an AR-15 has

the same diameter as a .22 LR cartridge and that the .223 has significantly more chamber pressure compared to the .22 LR, there are silencers specifically designed for .22 LR cartridges but not for .223 rifle cartridges, there are silences designed for .223 rifle cartridges, and .223 caliber generates a psi of 55,000. Deny the remaining allegations of this footnote.

15. Admit the Ronin uses a 1/2x20 UNF threading, deny for lack of knowledge or information sufficient to form a belief as to the truth of what the plaintiffs consider "popular." Deny the second sentence.

16. The allegations in this paragraph consist of legal conclusions to which no response is required, to the extent a response is required, deny.

17. Admit that DonnyFL moderators are labeled for "airgun or PCP use only." Deny this indicates their intended and appropriate use.

18. Deny.

19. Admit that ATF provided a Warning Notice to DonnyFL with a determination that DonnyFL moderators are firearm silencers pursuant to 18 U.S.C. §§ 921(a)(3)(C) and (a)(25); Defendants respectfully refer the Court to the Warning Notice for a full and accurate statement of its contents.

20. Admit that the quoted language appears in the Warning Notice; Defendants respectfully refer the Court to the Warning Notice for a full and accurate statement of its contents.

21. Admit that the rear end cap of the Ronin has an interior 1/2x20 thread. Deny for lack of knowledge or information sufficient to form a belief as to the truth of

what the Plaintiffs consider common or not common. Deny the remaining allegations contained in this paragraph.

22. Admit that in written correspondence counsel for DonnyFL informed ATF of a case out of the United States Court of Appeals for the First Circuit; Defendants respectfully refer the Court to the correspondence for a full and accurate statement of its contents.

23. Admit that the court in *United States v. Crooker*, found the airgun silencer at issue was not a silencer for purposes of 18 U.S.C. § 921(a)(3). The remaining allegations are legal conclusions to which no response is required; Defendants respectfully refer the Court to the *Crooker* opinion for a full and accurate statement of its contents.

24. This paragraph is a characterization of the opinion in *United States v. Crooker*, to which no response is required; Defendants respectfully refer the Court to the *Crooker* opinion for a full and accurate statement of its contents.

25. Admit that the block quote appears in the *Crooker* opinion; Defendants respectfully refer the Court to the *Crooker* opinion for a full and accurate statement of its contents.

26. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

27. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

28. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

29. Admit that Plaintiffs' Counsel submitted correspondence to ATF dated March 10, 2023. Defendants respectfully refer the Court to that correspondence for a full and accurate statement of its contents.

30. Admit that ATF responded by letter dated November 2, 2023 and requested DonnyFL submit samples of its device. Defendants respectfully refer the Court to the November 2, 2023 letter for a full and accurate statement of its contents.

31. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

32. Admit the ATF response was dated November 2, 2023; the Defendants respectfully refer the Court to the response for a full and accurate statement of its contents. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

33. Admit.

34. Admit that Plaintiffs' Counsel sent a letter to ATF dated June 18, 2024. Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents. Deny the remaining allegations contained in this paragraph.

35. Deny.

36. Admit that ATF issued a classification decision to Plaintiffs dated November 19, 2024. Defendants respectfully refer the Court to the determination for

5

a full and accurate statement of its contents. Deny the remaining allegations contained in the paragraph.

37. Admit that ATF attached the Ronin to a Ruger 22/45, .22 long rifle caliber semiautomatic pistol and a variant of the Ruger Mark series. Deny for lack of knowledge or information sufficient to form a belief as to the truth of what Plaintiffs consider "popular" or "best-selling."

38. Admit that an adapter was used to attach the Ruger 22/45 to the Ronin. Deny the remainder for lack of knowledge or information sufficient to form a belief as to the truth of what Plaintiffs consider common.

39. Deny.

40. Deny.

41. Admit that the end cap of the device submitted to ATF had an approximate overall diameter of 2-inches with a bore diameter of .336 inches and that larger bore diameters or larger centerfire rifle cartridges may cause damage to the device; admit further there are silencers designed for lower pressure .22s. Deny the remaining allegations of this paragraph.

42. Admit that ATF tested the Ronin with a CZ 457 Royal and IntraTec Tec-22; admit further that the Tec-22 is no longer in production. Deny for lack of knowledge or information sufficient to form a belief as to the truth of what Plaintiffs consider "relatively obscure."

43. Admit that CZ 457 Royal was introduced in 2019, is a .22 bolt action rifle that has an MSRP of approximately $799 and is made in the Czech Republic. Admit

6

further that Exhibit 7 shows an advertisement for the CZ 457 Royal; Defendants respectfully refer the Court to Exhibit 7 for a full and accurate statement of its contents. Deny the remaining allegations of this paragraph.

44. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the first two sentences. Deny the third sentence.

45. Deny for lack of knowledge or information sufficient to form a belief as to the truth of what Plaintiffs consider "unusual," admit the remainder of the paragraph.

46. Admit.

47. Admit that IntraTec was dissolved in 2001; admit further that the Tec-22 is still available for sale on the internet. Deny for lack of knowledge or information sufficient to form a belief as to what problems IntraTec encountered or what Plaintiffs consider to be "obscure."

48. Deny. As to footnote 11, admit that a thread pitch of 1/2x28 is not compatible with a 1/2x20; deny for lack of knowledge or information sufficient to form a belief as to the truth of what Plaintiffs consider "the most common" or "universal."

49. Deny.

50. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

51. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

52. Deny.

53. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

54. Deny.

55. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, admit that the National Firearms Act imposes registration and tax requirements upon the manufacture and transfer of certain firearms.

56. Admit.

57. Admit.

58. Admit. Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

59. Admit the quoted language appears in 18 U.S.C. § 921(a)(25). Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

60. Admit the National Firearms Act incorporates the Gun Control Act's silencer definition by reference. The second sentence contains legal conclusions to which no response is required, to the extent a response is required, deny.

61. Admit that a device that does not meet the federal definition of silencer, is not regulated as a silencer by federal law.

62. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

63. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

64. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

65. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

66. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

67. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

68. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

69. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

70. Defendants incorporate by reference their responses to paragraphs 1 through 69.

71. Deny.

72. This paragraph contains legal conclusions to which no response is required; Defendants respectfully refer the Court to the *Crooker* opinion for a full and accurate statement of its contents.

73. Admit that the quoted language appears in 18 U.S.C. § 921(a)(25); Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

74. This paragraph contains legal conclusions to which no response is required; Defendants respectfully refer the Court to the *Crooker* opinion for a full and accurate statement of its contents.

75. Admit that the quoted language appears in the opinion; Defendants respectfully refer the Court to the *Crooker* opinion for a full and accurate statement of its contents.

76. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

77. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

78. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

79. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

80. Defendants incorporate by reference their responses to paragraphs 1 through 79.

81. Admit that the quoted language appears in the Fifth Amendment to the United States Constitution; Defendants respectfully refer the Court to the Fifth Amendment for a full and accurate statement of its contents.

82. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

83. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

84. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

85. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

86. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

87. Defendants incorporate by reference their responses to paragraphs 1 through 86.

88. This paragraph contains legal conclusions to which no response is required; Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

89. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

90. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

91. This paragraph contains legal conclusions to which no response is required, to the extent a response is required, deny.

The remaining paragraphs of the Complaint contain Plaintiffs' requested relief, and no response is required. To the extent a response is required, Defendants deny the allegations contained in the remaining paragraphs of the Complaint and note that Plaintiffs are not entitled to any relief.

Defendants deny all allegations in the Complaint not expressly admitted or denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. The classification of DonnyFL's device was reasonable, correct and in accordance with the law.

3. The "Ronin" is a silencer as defined in 18 U.S.C. § 921(a)(25).

4. No Fifth Amendment taking occurred, nor was there a taking for public use.

Dated: July 2, 2025

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: /s/ *Phillip R.S. Ragler*

PHILLIP R.S. RAGLER
Assistant United States Attorney
USAO No. 181
400 W. Washington St., Ste., 3100
Orlando, FL 32801
Telephone: (407) 648-7500
Fax: (407) 648-7588
Email: phillip.ragler@usdoj.gov

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on July 2, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participant:

    James J. Reeves II, Esq.

                                             /s/ *Phillip R.S. Ragler*
                                             Assistant United States Attorney