UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THUAN DU and DONNYFL, LLC,

Plaintiffs,

v. Case No: 6:25-cv-506-GAP-LHP

PAM BONDI, KASH PATEL and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,

Defendants

---

# ORDER

This case is before the Court on two (2) motions: (1) Defendants' Amended Motion for Protective Order (Doc. No. 30), to which Plaintiffs filed a response in opposition (Doc. No. 31); and (2) Defendants' Unopposed Motion to File Case Administrative Record Under Seal (Doc. No. 33). For the reasons that follow, the motion to seal (Doc. No. 33) will be granted, and the parties will be directed to conduct an additional conferral and file a joint supplemental brief with regards to the motion for protective order (Doc. No. 30).

A brief summary of the history of this case is necessary. Plaintiffs initiated this lawsuit on March 20, 2025 with the filing of their complaint, through which

they seek declaratory and injunctive relief, as well as compensatory and actual damages, with respect to Defendants' alleged misclassification of DonnyFL airgun moderators as "firearms" or "silencers" under the National Firearms Act of 1934 ("NFA"). Doc. No. 1. Plaintiffs allege three claims against Defendants: (1) a claim that Defendants' interpretation of the NFA and the Gun Control Act ("GCA") is arbitrary, capricious, and otherwise contrary to law; (2) a claim under the Fifth Amendment's Takings Clause; and (3) a claim for violation of the Administrative Procedures Act ("APA") resulting in economic loss. *Id.* Defendants answered the complaint on July 2, 2025, raising affirmative defenses that their classification of the DonnyFL device was reasonable, correct, and in accordance with the law. Doc. No. 14.

In the meantime, on March 20, 2025, Presiding United States District Judge Gregory A. Presnell issued an Order setting forth deadlines for filings required at the initial stages of an action. Doc. No. 3. Of particular relevance, Judge Presnell directed the parties "to consult Local Rule 3.02 to determine whether this action requires a case management conference and case management report (CMR), or if it falls under one of the exceptions listed in Local Rule 3.02(d). If a CMR is required, utilization of the attached CMR form is mandatory." *Id.*, at 2. Judge Presnell thereafter provided a deadline for filing a CMR, if appropriate. *Id.*, at 2-3. The Court notes that Local Rule 3.02 specifically provides an exception from the

filing of a CMR for "an action for review on an administrative record unless the action is under the Employee Retirement Income Security Act of 1974." Local Rule 3.02(d)(2).

On August 19, 2025, the parties filed their joint CMR, through which the parties proposed a "typical" civil litigation case management track, and included deadlines for expert and fact discovery, along with other case management deadlines. Doc. No. 17. Although the parties described this case as a "response to an administrative action brought by the United States against certain firearm parts and devices alleged to be silencers," noted Plaintiffs' challenges to Defendants' classification of same, and stated that the case "raises legal and regulatory issues involving the ATF's interpretation of the National Firearms Act and related statutes," at no point did any party identify this case as an administrative review case, nor did the CMR mention an administrative record or reference Local Rule 3.02(d). *Id.*, at 3. A review of the docket further shows that until the present motions, no party made mention of whether this case should proceed in the normal course or under an abbreviated case management schedule due to being an action for review on an administrative record, nor did any party seek leave to file any administrative record.

Following the parties' CMR submission, Judge Presnell issued a Case Management and Scheduling Order ("CMSO") on August 21, 2025 which

established, among other things, expert disclosure deadlines of June 1, 2026 (for Plaintiffs) and July 1, 2026 (for Defendants), a fact discovery deadline of August 17, 2026, a dispositive motions deadline of October 1, 2026, and a trial term commencing March 1, 2027. Doc. No. 19. There is no mention in the CMSO of an administrative record, nor any discussion of limiting the scope of discovery due to the fact that this is an action for administrative review. *Id.*

This brings us to Defendants' amended motion for protective order, filed on July 24, 2026. Doc. No. 30.[1] According to the motion, Plaintiffs intend to depose ATF officials, and Defendants object, arguing that this is a case seeking judicial review of agency action based on an administrative record under the APA, for which discovery is not permitted except in narrow circumstances that Plaintiffs have not established. *Id.* Defendants further argue that discovery cannot proceed under Plaintiffs' Fifth Amendment claim, as this Court lacks jurisdiction over that claim. *Id.* In response, Plaintiffs argue that Defendants failed to conduct a good faith conferral as required by Local Rule 3.01(g), Plaintiffs timely-noticed the depositions at issue, and Plaintiffs are entitled to discovery because the administrative record appears to be incomplete in certain respects, addresses technical subjects that require explanation, and raises a question of selective

[1] This was Defendants' second attempt at filing this motion. The first attempt (Doc. No. 28) was denied for failure to comply with the Standing Order on Discovery Motions. Doc. No. 21.

enforcement. Doc. No. 31. At the time the motion and response were filed, no party had filed – or sought leave to file – any administrative record.

Upon review of the motion and response, as well as the email correspondence attached to Defendants' first iteration of this motion (Doc. No. 28-1), the Court finds Plaintiffs' argument regarding good faith conferral to be persuasive, but also finds the parties' arguments regarding the scope of permissible discovery (if any) merit further discussion. And given the impending August 17, 2026 discovery deadline, the Court finds that rather than deny Defendants' motion with leave to refile, the better course is to order additional conferral and supplemental briefing, as further described below.

Next, Defendants' Unopposed Motion to File Case Administrative Record Under Seal. Doc. No. 33. Upon review, the Court finds that the motion complies with the requirements of Local Rule 1.11 for sealing, and that Defendants have sufficiently established good cause to seal the administrative record (at least at this point of the case), which overcomes the rebuttable presumption in favor of openness of court records. *See, e.g.*, *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985); *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019). Thus, without speaking to the timeliness of Defendants' request, nor making any ruling regarding

Defendants' assertions as to whether Plaintiffs' attempt to conduct discovery is premature, the Court will grant the motion to seal.

Accordingly, it is hereby **ORDERED** as follows:

1. On or before **5:00 p.m. on Thursday, August 6, 2026**, the parties shall conduct an additional good faith conferral regarding Defendants' Amended Motion for Protective Order (Doc. No. 30). The conferral must be in person or via Zoom or some other online platform, email or telephone will not suffice.

2. By this same **5:00 p.m. August 6, 2026 deadline**, the parties shall file a joint notice stating whether the parties have resolved Defendants' Amended Motion for Protective Order (Doc. No. 30) in whole or in part. If the parties have not resolved the motion in its entirety, the joint notice shall also contain each party's position – with citation to relevant legal authority – on the issues raised in Defendants' motion and Plaintiffs' response (Doc. Nos. 30-31). In particular, the parties should each address whether discovery can proceed given the procedural history of this case, to include that the parties have represented throughout this case that discovery is permissible under a normal CMR/CMSO litigation track, the CMSO that presently governs this case authorizes expert and fact discovery, no party raised the question of limiting discovery to an administrative record (nor filed an administrative record) until the present dispute, and to date no motion

challenging the Court's jurisdiction over Plaintiffs' Fifth Amendment claim has been filed.[2] The joint notice may not exceed **twenty (20) pages** in length.

3. Defendants' Unopposed Motion to File Case Administrative Record Under Seal (Doc. No. 33) is **GRANTED**. On or before **August 4, 2026**, Defendants shall file the administrative record under seal as a separate docket entry. At any point in this litigation, however, the Court may determine that the information is not properly subject to continued sealing, and the Court may require that some or all of the information filed under seal be filed in the public record. Otherwise, absent further order of the Court unsealing the documents, this seal shall not extend beyond ninety (90) days after the case is closed and all appeals exhausted. *See* Local Rule 1.11(e). This Order does not speak to the timeliness of the filing of the administrative record, nor to Defendants' assertions that any discovery would be premature.

4. **These deadlines will not be extended absent a showing of exigent circumstances.**

---

[2] The Court understands that Defendants' present counsel recently was reassigned to this case, however counsel takes the case as she finds it and cannot ignore the litigation decisions made by prior counsel.

**DONE** and **ORDERED** in Orlando, Florida on August 3, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record